UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL L. BINDER<br>*Petitioner,*<br><br>v.<br><br>UNITED STATES OF AMERICA<br>*Respondent.* | Case No. 3:18-CR-60 RLM-MGG<br><br>(Arising from 3:20-CV-27-RLM) |

## OPINION AND ORDER

Michael Binder pleaded guilty to possessing a firearm after a felony conviction, a violation of 18 U.S.C. § 922(g)(1). The court sentenced Mr. Binder to a sentence of 63 months imprisonment with a one-year period of supervised release. As part of the plea agreement, Mr. Binder waived his right to appeal his conviction and his right to file any post-conviction proceedings under 28 U.S.C. § 2255 other than an ineffective assistance of counsel claim. Mr. Binder is now requesting that the court vacate his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 35]. For the following reasons, the court denies Mr. Binder's motion.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The court has discretion to deny an evidentiary hearing when the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. Cooper v. United States, 378 F.3d 638, 642 (7th Cir. 2004) (citing United States v. Kovic, 830 F.2d 680 (7th Cir. 1987)). A hearing isn't necessary if the petitioner's allegations are "'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (quoting Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006)). The allegations contained within a verified motion to vacate, signed under penalty of perjury, become evidence and "permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings." Kafo v. United States, 467 F.3d at 1068.

To prevail on an ineffective assistance of counsel claim, Mr. Binder must show both that his attorney's performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984). This is a difficult standard to meet: Mr. Binder must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Binder] of a fair [result]." Strickland v. Washington, 466 U.S. at 687.

Mr. Binder claims that his counsel, Kurt R. Earnst, was ineffective because Mr. Earnst didn't understand that Mr. Binder wasn't prohibited from owning a firearm. Mr. Binder's argument is predicated on the idea that he had previously been charged with carrying a firearm without a license, rather than being a felon in possession. When Mr. Binder explained this to Mr. Earnst, Mr. Earnst responded that "that does not matter, you are a felon." Mr. Binder was charged and pleaded guilty violation of 18 U.S.C. § 922(g)(1), which prohibits a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. Mr. Binder has multiple convictions that qualify as felonies for purposes of this statute: in 2002, Mr. Binder was sentenced to three years for dealing marijuana, and in 2003 he was sentenced to 18 months for escape. Mr. Earnst was correct that Mr. Binder had convictions that qualified under § 922(g)(1). Mr. Binder didn't receive ineffective assistance of counsel

Mr. Binder also asserts that the court lacked jurisdiction over his case. Mr. Binder didn't develop this argument, and the court sees no absence of jurisdiction. The jurisdictional element of § 922(g)requires that the gun be in or affecting interstate commerce. In his plea agreement and at his change of plea hearing, Mr. Binder admitted that the gun was produced outside of Indiana, and that it had therefore traveled in and affected interstate or foreign commerce.

Based on the foregoing, the court DENIES the motion to vacate [Doc. No. 35].

SO ORDERED.

ENTERED:   March 23, 2020

                                                /s/ Robert L. Miller, Jr.
                                         Judge, United States District Court